1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

RAMON GUTIERREZ,                    )   No. EDCV 14-2621 DSF (FFM)
11                                   )
                        Petitioner,  )   ORDER TO SHOW CAUSE WHY
12                                   )   PETITION SHOULD NOT BE
        v.                           )   DISMISSED AS TIME-BARRED
13                                   )
JEFFREY BEARD, SECRETARY OF          )
14   CDCR,                           )
                        Respondent.  )
15   _____)

16        Petitioner, a prisoner in state custody proceeding *pro se*, constructively

17   filed[1] a Petition for Writ of Habeas Corpus ("Petition") on or about December 21,

18   2014.  Petitioner challenges a 2009 conviction and sentence.  Petitioner did not

19   appeal the judgment.  (Petition at 3.)

20
21
22
23
24

25   _____

     [1]  A *pro se* prisoner's relevant filings may be construed as filed on the date they
26   were submitted to prison authorities for mailing, under the prison "mailbox rule" of
     *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).  A
27   proof of service attached to the Petition states that the Petition was placed in the
     prison mailing system on December 21, 2014.
28

## 1.     LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). Where a petitioner has not sought direct review of his conviction, the limitations period begins on the day after the date on which the time to seek such review expired. *See* 28 U.S.C. § 2244(d)(1)(A).

Here, petitioner alleges that he was convicted on February 5, 2009 and sentenced on February 25, 2009. (Pet. at 1.) He further alleges that he did not seek direct review of his conviction. (*Id*. at 3.) Under California law, petitioner had 60 days after the rendition of judgment in his action to file a notice of appeal. Cal. App. R. 8.308 (2009). Therefore, the record indicates that the AEDPA limitations period began to run in late April 2009. In turn, the one-year limitations period expired in late April 2010. *Patterson*, 251 F.3d at 1245-47.

Because petitioner did not initiate the current proceedings until December 21, 2014, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

## 2.   STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge, because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *abrogated on other grounds*, *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003), *abrogated on other grounds*, *Evans v. Chavis*,546 U.S. 189, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006). "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey*, 536 U.S. at 219-20; *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819. The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." *Delhomme*, 340 F.3d at 819.

Here, petitioner does not appear to be entitled to any statutory tolling. Petitioner does not allege that he filed any state habeas petitions prior to the April 2010 expiration of his limitations period. (Pet. at 4-5.) Although he alleges that on "unknown" dates (*id.*) he filed three state habeas petitions (apparently in a "full round"), the record reflects that he did not constructively file the first such petition until September 2014 (Pet. Ex. at 1.).

3

**3.      EQUITABLE TOLLING**

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible *and* the petitioner has acted diligently in pursuing his rights.  *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).  The petitioner bears the burden of showing that equitable tolling is appropriate.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has not made any allegation that suggests that equitable tolling may be appropriate.  Petitioner has made no showing of extraordinary circumstances or of diligence.  Therefore, he has not demonstrated that he is entitled to equitable tolling.

**4.      ORDER TO SHOW CAUSE**

Because the Petition does not demonstrate any basis for tolling the statute, the Court orders petitioner to show cause in writing within 30 days of the date of this order why the Petition should not be dismissed as time-barred.  If petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred.

IT IS SO ORDERED.

DATED: January 13, 2015

                              ____/S/ FREDERICK F. MUMM____
                              FREDERICK F. MUMM
                              United States Magistrate Judge

4